# EXHIBIT A



## CSC

**null / WARBREACH**
**Transmittal Number: 25278644**
**Date Processed: 07/27/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Stevi McIntosh<br>Volkswagen Group of America, Inc.<br>2200 Woodland Pointe Avenue<br>Herndon, VA 20171 |

| | |
|---|---|
| **Entity:** | Volkswagen Group of America, Inc.<br>Entity ID Number 0456194 |
| **Entity Served:** | Volkswagen Group of America, Inc |
| **Title of Action:** | Carlos Gonzalez vs. Volkswagen Group of America, Inc. |
| **Matter Name/ID:** | Carlos Gonzalez vs. Volkswagen Group of America, Inc. (12609989) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Breach of Warranty |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 22PSCV00771 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/26/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Quill & Arrow, LLP<br>310-933-4271 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically FILED by Superior Court of California, County of Los Angeles on 07/26/2022 10:13 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez,Deputy Clerk
22PSCV00771

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR OFFICE USE ONLY

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey Corporation,
and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CARLOS GONZALEZ, an individual

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is: County of LOS ANGELES Superior Court
*(El nombre y dirección de la corte es):*

POMONA COURTHOUSE SOUTH , 400 Civic Center Plaza, Pomona, CA 91766

CASE NUMBER:
*(Número del Caso):*
22PSCV00771

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Kevin Y. Jacobson, Esq. and Sarah Pfeffer, Esq. ; QUILL & ARROW, LLP;
10900 Wilshire Boulevard, Suite 300, Los Angeles, CA 90024; Tel: (310) 933-4271

DATE:                    Sherri R. Carter Executive Officer / Clerk of Court        Clerk, by                                                   , Deputy
*(Fecha)* 07/26/2022                                                              *(Secretario)*            J. Gonzalez                       *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Volkswagen Group of America, Inc., a New Jersey corporation

under: ☒ CCP 416.10 (corporation)                     ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)              ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)       ☐ CCP 416.90 (authorized person)

       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Electronically FILED by Superior Court of California, County of Los Angeles on 07/21/2022 12:00 AM Sherri R. Carter, Executive Officer/Clerk of Court, by J. Gonzalez,Deputy Clerk

1   **QUILL & ARROW, LLP**
    Kevin Y. Jacobson, Esq. (SBN 320532)
2   kjacobson@quillarrowlaw.com
    Sarah Pfeffer, Esq. (SBN 331166)
3   spfeffer@quillarrowlaw.com
    e-service@quillarrowlaw.com
4   10900 Wilshire Boulevard, Suite 300
    Los Angeles, CA, 90024
5   Telephone:    (310) 933-4271
    Facsimile:    (310) 889-0645
6

7
    Attorneys for Plaintiff,
8   **CARLOS GONZALEZ**

9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                       COUNTY OF LOS ANGELES

12

13  CARLOS GONZALEZ, an individual,       Case No.: 22PSCV00271
                                          Unlimited Jurisdiction
14              Plaintiff,
                                          **COMPLAINT**
15         vs.
                                          1.  **VIOLATION OF SONG-BEVERLY**
16  VOLKSWAGEN GROUP OF AMERICA,              **ACT - BREACH OF EXPRESS**
    INC., a New Jersey Corporation, and       **WARRANTY**
17  DOES 1 through 10, inclusive,
                                          2.  **VIOLATION OF SONG-BEVERLY**
18                                            **ACT - BREACH OF IMPLIED**
                                              **WARRANTY**
19              Defendants.
                                          3.  **VIOLATION OF THE SONG-**
20                                            **BEVERLY ACT SECTION 1793.2**

21

22

23

24

25

26

27

28

Plaintiff, CARLOS GONZALEZ, an individual ("Plaintiff"), alleges as follows against Defendant, VOLKSWAGEN GROUP OF AMERICA, INC., a New Jersey Corporation ("VOLKSWAGEN GROUP OF AMERICA, INC."), and DOES 1 through 10 inclusive, on information and belief, formed after a reasonable inquiry under the circumstances:

### DEMAND FOR JURY TRIAL

1.      Plaintiff, CARLOS GONZALEZ, hereby demands trial by jury in this action.

### GENERAL ALLEGATIONS

2.      Plaintiff, CARLOS GONZALEZ, is an individual residing in the City of Orange, State of California.

3.      Defendant, VOLKSWAGEN GROUP OF AMERICA, INC., is and was a New Jersey Corporation operating and doing business in the State of California.

4.      These causes of causes of action arise out of warranty and repair obligations of VOLKSWAGEN GROUP OF AMERICA, INC. in connection with a vehicle Plaintiff leased and for which VOLKSWAGEN GROUP OF AMERICA, INC. issued a written warranty. The warranty was not issued by the selling dealership.

5.      Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual, or otherwise of Defendant issued herein as Does 1 through 10, inclusive, under the provisions of section 474 of the California Code of Civil Procedure. Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences, and transactions set forth herein, and are legally liable to Plaintiff.  Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendant, together with appropriate charging allegations, when ascertained.

6.      All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

7.      Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief

- 2 -

**COMPLAINT**

1   prayed for herein.

2      8.    On April 23, 2021, Plaintiff leased a 2021 Volkswagen Jetta, having VIN No.:

3   3VWG57BU9MM004900 ("the Subject Vehicle"). Express warranties accompanied the sale of the

4   Subject Vehicle to Plaintiff by which VOLKSWAGEN GROUP OF AMERICA, INC. undertook

5   to preserve or maintain the utility or performance of Plaintiff's vehicle or to provide compensation

6   if there was a failure in such utility or performance.

7      9.    VOLKSWAGEN GROUP OF AMERICA, INC. warranted the Subject Vehicle and

8   agreed to preserve or maintain the utility or performance of Plaintiff's vehicle or to provide

9   compensation if there was a failure in such utility or performance.

10     10.   The Subject Vehicle was delivered to Plaintiff with serious defects and

11  nonconformities to warranty and developed other serious defects and nonconformities to warranty

12  including, but not limited to, suspension, structural, engine, electrical, and emission system defects.

13     11.   Plaintiff hereby revokes acceptance of the sales contract.

14     12.   Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil

15  Code sections 1790 *et seq.* the Subject Vehicle constitutes "consumer goods" used primarily for

16  family or household purposes, and Plaintiff has used the vehicle primarily for those purposes.

17     13.   Plaintiff is a "buyer" of consumer goods under the Act.

18     14.   Defendant, VOLKSWAGEN GROUP OF AMERICA, INC., is a "manufacturer"

19  and/or "distributor" under the Act.

20     15.   Plaintiff hereby demands trial by jury in this action.

21                              **FIRST CAUSE OF ACTION**

22         **Violation of the Song-Beverly Act – Breach of Express Warranty**

23     16.   Plaintiff incorporates herein by reference each and every allegation contained in the

24  preceding and succeeding paragraphs as though herein fully restated and re-alleged.

25     17.   The Subject Vehicle was sold to Plaintiff with express warranties that the Subject

26  Vehicle would be free from defects in materials, nonconformity, or workmanship during the

27  applicable warranty period and to the extent that the Subject Vehicle had defects, Defendant

28  VOLKSWAGEN GROUP OF AMERICA, INC. would repair the defects.

- 3 -
**COMPLAINT**

18.    The Subject Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, suspension, structural, engine, electrical, and emission system defects.

19.    Pursuant to the Song-Beverly Consumer Warranty Act (hereinafter the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the Subject Vehicle primarily for those purposes.

20.    Plaintiff is the "buyer" of consumer goods under the Act.

21.    Defendant, VOLKSWAGEN GROUP OF AMERICA, INC., is a "manufacturer" and/or "distributor" under the Act.

22.    The foregoing defects and nonconformities to warranty manifested themselves in the Subject Vehicle within the applicable express warranty period. The nonconformities substantially impair the use, value, and/or safety of the vehicle.

23.    Plaintiff delivered the vehicle to an authorized VOLKSWAGEN GROUP OF AMERICA, INC. repair facility for repair of the nonconformities.

24.    Defendant was unable to conform Plaintiff's vehicle to the applicable express warranty after a reasonable number of repair attempts.

25.    Notwithstanding Plaintiff's entitlement, Defendant VOLKSWAGEN GROUP OF AMERICA, INC. has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

26.    By failure of Defendant to remedy the defects as alleged above or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

27.    Under the Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to the first presentation of the nonconformities.

28.    Plaintiff is entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

29.    Plaintiff is entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably

- 4 -
**COMPLAINT**

1    incurred in connection with the commencement and prosecution of this action.

2        30.    Because Defendant willfully violated the Song-Beverly Act, Plaintiff is entitled, in

3    addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages

4    for VOLKSWAGEN GROUP OF AMERICA, INC.'s willful failure to comply with its

5    responsibilities under the Act.

6                    **SECOND CAUSE OF ACTION**

7        **Violation of the Song-Beverly Act – Breach of Implied Warranty**

8        31.    Plaintiff incorporates herein by reference each and every allegation contained in the

9    preceding and succeeding paragraphs as though herein fully restated and re-alleged.

10        32.    VOLKSWAGEN GROUP OF AMERICA, INC. and its authorized dealership at

11    which Plaintiff purchased the subject vehicle had reason to know the purpose of the Subject Vehicle

12    at the time of sale of the subject vehicle. The sale of the Subject Vehicle was accompanied by

13    implied warranties provided for under the law.

14        33.    Among other warranties, the sale of the Subject Vehicle was accompanied by an

15    implied warranty that the Subject vehicle was merchantable pursuant to Civil Code section 1792.

16        34.    The Subject Vehicle was not fit for the ordinary purpose for which such goods are

17    used because it was equipped with one or more defective vehicle systems/components.

18        35.    The Subject Vehicle did not measure up to the promises or facts stated on the

19    container or label because it was equipped with one or more defective vehicle systems/components.

20        36.    The Subject Vehicle was not of the same quality as those generally accepted in the

21    trade because it was sold with one or more defective vehicle systems/components which manifested

22    as suspension, structural, engine, electrical, and emission system defects.

23        37.    Upon information and belief, the defective vehicle systems and components were

24    present at the time of sale of the Subject Vehicle; thus, extending the duration of any implied

25    warranty under *Mexia v. Rinker Boat Co., Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other

26    applicable laws.

27        38.    Plaintiff is entitled to justifiably revoke acceptance of the subject vehicle under Civil

28    Code, section 1794, *et seq.*

                    -5-
                    **COMPLAINT**

39.     Plaintiff hereby revokes acceptance of the Subject Vehicle.

40.     Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

41.     Plaintiff is entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

42.     Plaintiff is entitled to recover any incidental, consequential, and/or "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

## **THIRD CAUSE OF ACTION**

### **Violation of the Song-Beverly Act Section 1793.2(b)**

43.     Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

44.     Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

45.     Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods are necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

46.     Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days and/or within a reasonable time.

47.     The sale of the Subject Vehicle was accompanied by express warranties, including a warranty guaranteeing that the subject vehicle was safe to drive and not equipped with defective parts, including the electrical system.

48.     Plaintiff delivered the subject vehicle to VOLKSWAGEN GROUP OF AMERICA, INC.'s authorized service representatives on multiple occasions. The subject vehicle was delivered for repairs of defects, which amount to nonconformities to the express warranties that accompanied the sale of the subject vehicle.

- 6 -

**COMPLAINT**

49.     Defendant's authorized facilities did not conform the Subject Vehicle to warranty within 30-days and/or commence repairs within a reasonable time, and VOLKSWAGEN GROUP OF AMERICA, INC. has failed to tender the subject vehicle back to Plaintiff in conformance with its warranties within the timeframes set forth in Civil Code section 1793.2(b).

50.     Plaintiff is entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq.*

51.     Plaintiff hereby revokes acceptance of the subject vehicle.

52.     Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

53.     Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq.* and Commercial Code, section 2711.

54.     Plaintiff is entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq.*

55.     Plaintiff is entitled to recover all incidental and consequential damages pursuant to 1794 *et seq* and Commercial Code sections, 2711, 2712, and 2713 *et seq.*

56.     Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that VOLKSWAGEN GROUP OF AMERICA, INC. has willfully failed to comply with its responsibilities under the Act.

///
///
///
///
///
///
///
///
///
///

- 7 -
**COMPLAINT**

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, as follows:

1.  For general, special, and actual damages according to proof at trial;

2.  For rescission of the purchase contract and restitution of all monies expended;

3.  For diminution in value;

4.  For incidental and consequential damages according to proof at trial;

5.  For civil penalty in the amount of two times Plaintiff's actual damages;

6.  For prejudgment interest at the legal rate;

7.  For reasonable attorney's fees and costs of suit; and

For such other and further relief as the Court deems just and proper under the circumstances.

Dated:    July 26, 2022

QUILL & ARROW, LLP

Kevin Y. Jacobson, Esq.
Sarah Pfeffer, Esq.
Attorneys for Plaintiff,
**CARLOS GONZALEZ**

Plaintiff, CARLOS GONZALEZ, hereby demands trial by jury in this action.

-8-
**COMPLAINT**

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Kevin Y. Jacobson, Esq. (SBN 320532)<br>Sarah Pfeffer, Esq. (SBN 331166)<br>QUILL & ARROW, LLP<br>10900 Wilshire Boulevard, Suite 300, Los Angeles, CA 90024<br>TELEPHONE NO.: (310) 933-4271    FAX NO. *(Optional):* (310) 889-0645<br>E-MAIL ADDRESS: e-service@quillarrowlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff: CARLOS GONZALEZ | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES<br>STREET ADDRESS: 400 Civic Center Plaza<br>MAILING ADDRESS: 400 Civic Center Plaza<br>CITY AND ZIP CODE: Pomona, CA 91766<br>BRANCH NAME: POMONA COURTHOUSE SOUTH |

| |
|---|
| CASE NAME:<br>GONZALEZ, CARLOS v. VOLKSWAGEN GROUP OF AMERICA, INC. |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: | 22PSCV00771 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ● Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☐ is ● is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ● monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ● punitive
4. Number of causes of action *(specify):* 3
5. This case ☐ is ● is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: July 26, 2022

Kevin Y. Jacobson, Esq.
_____
(TYPE OR PRINT NAME)

▶ *(signature)*
_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**                                    CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46), *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
        Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case
        Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
        Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
        County)
    Confession of Judgment *(non-
        domestic relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment
        Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
        Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
        Claim
    Other Civil Petition

| SHORT TITLE<br>GONZALEZ, CARLOS v. VOLKSWAGEN GROUP OF AMERICA, INC. | CASE NUMBER<br>22PSCV00771 |
| --- | --- |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court |
| --- |

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
| --- | --- |
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner lives. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Mandatory personal injury filing in North District. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury). |
| 6. Location of property or permanently garaged vehicle. | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
| --- | --- | --- | --- |
| | **Personal Injury Cases Assigned to the Personal Injury Hub Courts** | | |
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4, 11 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4, 11 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | | ☐ 2307 Construction Accidents | 1, 4, 11 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| GONZALEZ, CARLOS v. VOLKSWAGEN GROUP OF AMERICA, INC. | |

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| | **Personal Injury Cases Assigned to the Independent Calendar Courts** | | |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 3, 5 |
| | | ☑ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 3, 5 |
| | | ☐ 4502 Other Professional Health Case Malpractice | 1, 3, 5 |
| | Other Personal Injury / Property Damage / Wrongful Death (23) | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 3, 5 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 3, 5 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 3, 5 |
| | **Other Civil Cases Assigned to Independent Calendar Courts** | | |
| **Non-Personal Injury/Property Damage /Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |

LASC CIV 109 Rev. 05/22
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE GONZALEZ, CARLOS v. VOLKSWAGEN GROUP OF AMERICA, INC. | CASE NUMBER 22PSCV00771 |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Contract** | Breach of Contract/<br>Warranty (06)<br>(not insurance) | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

| SHORT TITLE GONZALEZ, CARLOS v. VOLKSWAGEN GROUP OF AMERICA, INC. | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Judicial Review** | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |
| | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| GONZÁLEZ, CARLOS v. VOLKSWAGEN GROUP OF AMERICA, INC. | |

| | **A**<br>Civil Case Cover Sheet<br>Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons<br>(See Step 3 above) |
|---|---|---|---|
| **Miscellaneous Civil Petitions** | Other Petitions<br>(not specified above) (43) | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases).

| REASON:<br>☐ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS:<br>528 S. Citrus Avenue |
|---|---|
| CITY:<br>Covina | STATE:<br>CA |  ZIP CODE:<br>91723 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>POMONA COURTHOUSE SOUTH</u> District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: <u>July 26, 2022</u>

*Kevin J Jacobson*
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (05/22).

5.  Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.

6.  A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR)
## INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action
with the cross-complaint.

---

### What is ADR?
ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation,
mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may
be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR
- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control (with the parties):** Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR
- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR
1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a
   settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the
   strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is
   acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

### How to Arrange Mediation in Los Angeles County

Mediation for civil cases is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations
   to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected
   cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com
     (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org
     (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion.** They may
offer online mediation by video conference for cases they accept. Before contacting these organizations,
review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small
claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases
   should carefully review the Notice and other information they may receive about (ODR)
   requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

**3. Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and
arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's
decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a
trial after the arbitrator's decision. For more information about arbitration, visit
http://www.courts.ca.gov/programs-adr.htm

**4. Mandatory Settlement Conferences (MSC):** MSCs are ordered by the Court and are often held close
to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement
officer who does not make a decision but who instead assists the parties in evaluating the strengths and
weaknesses of the case and in negotiating a settlement. For information about the Court's MSC
programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm

LASC CIV 271 Rev. 02/22
For Mandatory Use

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California
County of Los Angeles**



**Los Angeles County
Bar Association
Litigation Section**

**Los Angeles County
Bar Association Labor and
Employment Law Section**



**Consumer Attorneys
Association of Los Angeles**



**Southern California
Defense Counsel**



**Association of
Business Trial Lawyers**



**California Employment
Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties. The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application. These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association
Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:           FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – EARLY ORGANIZATIONAL MEETING | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following:*

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h.   Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i.   Whether the case is suitable for the Expedited Jury Trial procedures (see information at *www.lacourt.org* under "*Civil*" and then under "*General Information*").

2.   The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the  complaint, and _____ for the cross-
        (INSERT DATE)                                           (INSERT DATE)
complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3.   The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case.  The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:

_____                    ➤   _____
     (TYPE OR PRINT NAME)                                  (ATTORNEY FOR PLAINTIFF)
Date:

_____                    ➤   _____
     (TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤   _____
     (TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤   _____
     (TYPE OR PRINT NAME)                                  (ATTORNEY FOR DEFENDANT)
Date:

_____                    ➤   _____
     (TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)
Date:

_____                    ➤   _____
     (TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

_____                    ➤   _____
     (TYPE OR PRINT NAME)                                  (ATTORNEY FOR _____)

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:
E-MAIL ADDRESS (Optional):                    FAX NO. (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION – DISCOVERY RESOLUTION | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues
through limited paperwork and an informal conference with the Court to aid in the
resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless
   the moving party first makes a written request for an Informal Discovery Conference pursuant
   to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties
   and determine whether it can be resolved informally. Nothing set forth herein will preclude a
   party from making a record at the conclusion of an Informal Discovery Conference, either
   orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be
   presented, a party may request an Informal Discovery Conference pursuant to the following
   procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the
         approved form (copy attached) and deliver a courtesy, conformed copy to the
         assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service
         that ensures that the opposing party receives the Request for Informal Discovery
         Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

    iii.    Be filed within two (2) court days of receipt of the Request; and

    iv.    Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.    No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.    If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied. If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.    If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.    If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.    The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

    It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.    Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.    Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.    References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

| SHORT TITLE | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

_____
(TYPE OR PRINT NAME)                                    ➢ _____
                                                            (ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)                                    ➢ _____
                                                            (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)                                    ➢ _____
                                                            (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)                                    ➢ _____
                                                            (ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)                                    ➢ _____
                                                            (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)                                    ➢ _____
                                                            (ATTORNEY FOR _____ )

Date: _____

_____
(TYPE OR PRINT NAME)                                    ➢ _____
                                                            (ATTORNEY FOR _____ )

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:  
E-MAIL ADDRESS (Optional):  
ATTORNEY FOR (Name):  

FAX NO. (Optional):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| STIPULATION AND ORDER – MOTIONS IN LIMINE | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine. Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine. In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions. If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues. For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference. Each side's portion of the short joint statement of issues may not exceed three pages. The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR PLAINTIFF)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ _____
(ATTORNEY FOR DEFENDANT)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

Date: _____

_____
(TYPE OR PRINT NAME)

➤ (ATTORNEY FOR _____)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:

FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐     Request for Informal Discovery Conference

   ☐     Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, briefly describe the nature of the discovery dispute, including the facts and legal arguments at issue. For an Answer to Request for Informal Discovery Conference, briefly describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 03 2019

Sherri R. Carter, Executive Officer/Clerk
By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| IN RE LOS ANGELES SUPERIOR COURT ) | FIRST AMENDED GENERAL ORDER |
| — MANDATORY ELECTRONIC FILING ) | |
| FOR CIVIL ) | |
| ) | |
| ) | |
| ) | |

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

    a) **"Bookmark"** A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

    b) **"Efiling Portal"** The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

    c) **"Electronic Envelope"** A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

    d) **"Electronic Filing"** Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

e) **"Electronic Filing Service Provider"**  An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**  For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g); and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**  An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**  A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

2019-GEN-014-00

d)  Documents in Related Cases

Documents in related cases must be electronically filed in the eFiling portal for that case type if
electronic filing has been implemented in that case type, regardless of whether the case has
been related to a Civil case.

3)  EXEMPT LITIGANTS

a)  Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt
from mandatory electronic filing requirements.

b)  Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of
Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused
from filing documents electronically and be permitted to file documents by conventional
means if the party shows undue hardship or significant prejudice.

4)  EXEMPT FILINGS

a)  The following documents shall not be filed electronically:

i)  Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of
Civil Procedure sections 170.6 or 170.3;

ii)  Bonds/Undertaking documents;

iii)  Trial and Evidentiary Hearing Exhibits

iv)  Any ex parte application that is filed concurrently with a new complaint including those
that will be handled by a Writs and Receivers department in the Mosk courthouse; and

v)  Documents submitted conditionally under seal.  The actual motion or application shall be
electronically filed.  A courtesy copy of the electronically filed motion or application to
submit documents conditionally under seal must be provided with the documents
submitted conditionally under seal.

b)  Lodgments

Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in
paper form.  The actual document entitled, "Notice of Lodgment," shall be filed electronically.

//

//

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image.

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

  i) Depositions;

  ii) Declarations;

  iii) Exhibits (including exhibits to declarations);

  iv) Transcripts (including excerpts within transcripts);

  v) Points and Authorities;

  vi) Citations; and

  vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

4

2019-GEN-014-00

h)  Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i)  Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be

filed electronically (unless exempted under paragraph 4); the burden of accurately designating

the documents as sealed at the time of electronic submission is the submitting party's

responsibility.

j)  Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to

redact confidential information (such as using initials for names of minors, using the last four

digits of a social security number, and using the year for date of birth) so that the information

shall not be publicly displayed.

7)  ELECTRONIC FILING SCHEDULE

a)  Filed Date

i)  Any document received electronically by the court between 12:00 am and 11:59:59 pm

shall be deemed to have been effectively filed on that court day if accepted for filing.  Any

document received electronically on a non-court day, is deemed to have been effectively

filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code

Civ. Proc. § 1010.6(b)(3).)

ii)  Notwithstanding any other provision of this order, if a digital document is not filed in due

course because of:  (1) an interruption in service; (2) a transmission error that is not the

fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may

order, either on its own motion or by noticed motion submitted with a declaration for Court

consideration, that the document be deemed filed and/or that the document's filing date

conform to the attempted transmission date.

8)  EX PARTE APPLICATIONS

a)  Ex parte applications and all documents in support thereof must be electronically filed no later

than 10:00 a.m. the court day before the ex parte hearing.

2019-GEN-014-00

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing. A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled. If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i) Any printed document required pursuant to a Standing or General Order;

   ii) Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv) Demurrers;

   v) Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi) Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents. Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver. (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

2019-GEN-014-00

1   1)  SIGNATURES ON ELECTRONIC FILING

2       For purposes of this General Order, all electronic filings must be in compliance with California

3   Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4   Division of the Los Angeles County Superior Court.

5

6       This First Amended General Order supersedes any previous order related to electronic filing,

7   and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8   Supervising Judge and/or Presiding Judge.

9

10  DATED:  May 3, 2019



11                                              KEVIN C. BRAZILE
                                                Presiding Judge
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                              7
FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

BY NANCY NAVARRO, DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

General Order Re                     )          ORDER PURSUANT TO CCP 1054(a),
Use of Voluntary Efficient Litigation )        EXTENDING TIME TO RESPOND BY
Stipulations                          )         30 DAYS WHEN PARTIES AGREE
                                      )          TO EARLY ORGANIZATIONAL
                                      )          MEETING STIPULATION
                                      )
_____ )

Whereas the Los Angeles Superior Court and the Executive Committee of the

Litigation Section of the Los Angeles County Bar Association have cooperated in

drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for

use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los

Angeles County Bar Association Labor and Employment Law Section; the Consumer

Attorneys Association of Los Angeles; the Association of Southern California Defense

Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California

Employment Lawyers Association all "endorse the goal of promoting efficiency in

litigation, and ask that counsel consider using these stipulations as a voluntary way to

promote communications and procedures among counsel and with the court to fairly

resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation. This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court
order.

DATED: *May 11, 2011*

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

| **SUPERIOR COURT OF CALIFORNIA** **COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS: Pomona Courthouse South 400 Civic Center Plaza, Pomona, CA 91766 | **FILED** Superior Court of California County of Los Angeles 07/26/2022 Sherri R. Carter, Executive Officer / Clerk of Court By: _____ J. Gonzalez _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT** **UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER: 22PSCV00771 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Peter A. Hernandez | O | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 07/26/2022 _____
         (Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06

Sherri R. Carter, Executive Officer / Clerk of Court

By J. Gonzalez _____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

LACIV 190 (Rev 6/18)          **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**
LASC Approved 05/06